LOVE, J.,
dissents with reasons.
bl respectfully dissent. Unlike the majority, I do not find the that silence as to the burden of proof and the applicable temporary total disability (TTD) standard compels us to review the matter de novo.
The majority states that “the judgment does not specifically advert to the TTD standards of proof set forth in La. R.S. 23:1221(1).” However, I do not find that silence on burden of proof is tantamount to a conclusion that the hearing officer applied the incorrect burden of proof nor that plaintiff failed to carry that burden of proof. Implicit in the trial judge’s holding that Mr. McGee was temporarily totally disabled is a finding that Mr. McGee met his burden of proof in accordance with La. R.S. 23:1221(1). Consequently, I would apply the manifest error/clearly wrong standard of review.
“Factual findings in workers’ compensation cases are subject to the manifest error or clearly wrong standard of appellate re *1178 view.” Banks v. Industrial Roofing & Sheet Metal Works, Inc., 96-2840, p. 7 (La.7/1/97), 696 So.2d 551, 556, (citing Smith v. La. Dept. of Corrections, 93-1305, p. 4, (La.2/28/94), 633 So.2d 129, 132; Freeman v. Poulan/Weed Eater, 93-1530, pp. 4-5, (La.1/14/94), 630 So.2d 733, 737-38.). The trial judge considered the totality of the evidence presented in rendering judgment and made a credibility determination, which afforded greater 12weight to the evidence presented in certified medical records offered by Dr. Bourgeois. The record demonstrates that the trial judge’s factual findings were supported by competent evidence, and as the reviewing court, I see no reason to second-guess the findings of the trial judge.
I do not find that the workers’ compensation judge committed legal error in the determination of plaintiffs entitlement to benefits. Therefore, I would affirm the workers’ compensation judge’s finding regarding entitlement to TTD benefits and the award of penalties and attorney fees.